UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24331-BLOOM/Elfenbein

IGV ELEVATOR US, INC.,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") Motion to Dismiss, ECF No. [3]. Plaintiff IGV Elevator US, Inc. ("Plaintiff") did not file a Response. Pursuant to Southern District of Florida Local Rule 7.1(c)(1), the failure to respond to a motion "may be deemed sufficient cause for granting the motion by default." *See also Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1112 (S.D. Fla. 20230 ("The failure to respond to arguments regarding claims addressed in a motion to dismiss is sufficient basis to dismiss such claims as abandoned or by default."). However, the Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

On March 24, 2023, Daniel Kriz ("Kriz"), an authorized officer of Plaintiff, executed a wire transfer on behalf of Plaintiff at a branch of Defendant. *See* ECF No. [1-2] at ¶¶ 3, 6. Within several hours of executing the wire transfer, Kriz determined that the payee was a fraudulent payee and instructed Defendant to stop the wire transfer. *Id.* at ¶ 7. Defendant took no actions to stop the wire and sent the wire to the fraudulent transferee. *Id.* at ¶ 8. Plaintiff asserts one claim for

negligence. *Id.* at ¶ 8. In the Motion, Defendant contends that Plaintiff's claim is precluded by Article 4A of the Florida Uniform Commercial Code ("UCC"). ECF No. [3]. Specifically, Defendant argues that Article 4A governs a bank's processing of authorized, or unauthorized, transfers, and the cancellation of wires. *Id.*

The Court agrees. Article 4A is "intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the Article." U.C.C. § 4A–102 cmt. Indeed, a plaintiff may not "resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities *inconsistent* with those stated in this Article." U.C.C. § 4A–102 cmt. (emphasis added); *see also Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So. 2d 967, 971 (Fla. 3d DCA 1998) (finding Article 4A displaced plaintiff's negligence claim where "[t]he duty claimed to have been breached by [the bank] in its negligence count is exactly the same duty established and now governed by [Article 4A]").

Here, the Court finds Plaintiff's claim for negligence is preempted by Article 4A. Under Article 4A, "a payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency." Fla. Stat. § 670.202(1). And under Article 4A, once a receiving bank accepts an authorized payment order, it is obligated to execute the order according to the sender's instructions. Fla. Stat. § 670.302. Therefore, because the wire transfer was sent and authorized by Plaintiff, Defendant has no obligation to refund the wire transfer. *See, e.g.*, *Bucklin v. Bank of Am., N.A.*, Case No. 2:24-cv-278-JLB-NPM, 2025 WL 1504043, at *6 (M.D. Fla. Mar. 11, 2025) (concluding that a plaintiff failed to state a claim under Article 4A because she personally authorized the wire

Case No. 25-cv-24331-BLOOM/Elfenbein

transfers at her local branch).[1] Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [3]**, is **GRANTED**.

2. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, it must do so by opening a new case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 9, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[1] Plaintiff also implies in the Complaint that Defendant failed to cancel the wire transfer. However, as Defendant raises, "[A] receiving bank may agree to cancellation or amendment of the payment order . . . but is not required to do so regardless of the circumstances." *See* § 670. 211 cmt. 5.